IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS BEAUDREAUX,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. SOTO, Warden,<br><br>　　　　Respondent. | No. C 13-0351 WHA (PR)<br><br>**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE**<br><br>(Docket Nos. 3, 4, 5) |

　　　　Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254. The petition sets forth eight claims, four of which were not included in petitioner's unsuccessful direct appeal to the California Supreme Court. Petitioner has filed a motion to stay this case while he exhausts these four claims by pursuing them in collateral proceedings in the California Court of Appeal and then, if those proceedings do not grant him relief, in the California Supreme Court. The four claims petitioner wishes to exhaust are cognizable and as such are potentially meritorious, and he has shown cause for his failure to exhaust it prior to arriving in federal court, namely his appellate lawyer's failure to raise the claim, his lack of legal training or understanding that would inform him that the federal basis for his claim had not been asserted, and his lack of access to legal assistance while incarcerated. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005).

The motion to stay the petition is **GRANTED** (dkt. 4).  This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus.  If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) if petitioner's currently pending habeas petition in the California Court of Appeal fails, he must pursue his claims in the California Supreme Court within the time allowed under state law or thirty days, whichever comes sooner; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.  Such notice must identify the claims that have been exhausted and the claims that he wishes to pursue.

If either condition of the stay is not satisfied, this court may vacate the stay and act on only the four exhausted federal claims.  *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The motion for appointment of counsel (dkt. 3) is **DENIED**.  Petitioner has thus far adequately presented his claims and followed the appropriate procedures for pursuing his additional claims with the assistance of the lawyer, Randi Covin, whom he has agreed to compensate for such assistance, though not, apparently, for her representation and appearance in this matter. The application to proceed in forma pauperis (dkt. 5) is **GRANTED**.

The clerk shall administratively close this case.  The closure has no legal effect; it is purely a statistical matter.  The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: February  28  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.13\BEAUDREAUX0351.STYGRANT.wpd

2